**Slip Op. 11-**126

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **SKF USA INC., SKF FRANCE S.A., SKF AEROSPACE FRANCE S.A.S., SKF GMBH**, **and SKF INDUSTRIE S.P.A.**, Plaintiffs, v. **UNITED STATES**, Defendant, and **TIMKEN US CORPORATION**, Defendant-Intervenor. | Before:  Timothy C. Stanceu, Judge<br><br>Court No. 07-00393 |

## OPINION AND ORDER

[Remanding the decision of the U.S. Department of Commerce for further explanation]

Dated: October 14, 2011

*Herbert C. Shelley*, *Alice A. Kipel*, and *Laura R. Ardito*, Steptoe & Johnson LLP, of Washington, DC, for plaintiffs.

*Claudia Burke*, Senior Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, DC, for defendant.  With her on the brief were *Gregory G. Katsas*, Assistant Attorney General, *Jeanne E. Davidson*, Director, *Patricia M. McCarthy*, Assistant Director.  Of counsel on the brief were *Mykhaylo A. Gryzlov*, *Deborah R. King*, and *Jonathan Zielinski*, Office of the Chief Counsel for Import Administration, U.S. Department of Commerce, of Washington, DC.

*Geert M. De Prest*, *Terence P. Stewart*, *William A. Fennell*, and *Lane S. Hurewitz*, Stewart and Stewart, of Washington, DC, for defendant-intervenor.

Stanceu, Judge: Before the court is the mandate issued by the United States Court of

Appeals for the Federal Circuit ("Court of Appeals") in *SKF USA Inc. v. United States*, 630 F.3d

**Court No. 07-00393** Page 2

1365 (Fed. Cir. 2011). CAFC Mandate in Appeal # 2010-1128 (Mar. 29, 2011), ECF No. 75. This case affirmed in part and vacated in part the judgment of the United States Court of International Trade ("CIT") in *SKF USA Inc. v. United States*, 33 CIT __, 659 F. Supp. 2d 1338 (2009), in which the CIT affirmed the final determination ("Final Results") that the International Trade Administration, United States Department of Commerce ("Commerce" or the "Department") issued in administrative reviews of antidumping duty orders on ball bearings and parts thereof from France, Germany, Italy, Japan, Singapore, and the United Kingdom. *Ball Bearings & Parts Thereof from France, Germany, Italy, Japan, Singapore, & the United Kingdom: Final Results of Antidumping Duty Admin. Reviews & Rescission of Review in Part*, 72 Fed. Reg. 58,053 (Oct. 12, 2007).

The Court of Appeals, agreeing with plaintiffs SKF USA Inc., SKF France S.A., SKF Aerospace France S.A.S., SKF GmbH, and SKF Industrie S.p.A. (collectively, "SKF" or "plaintiffs") and rejecting the CIT's affirmance of the Final Results, held that Commerce had failed to provide an adequate explanation for its decision to modify its practice for calculating the constructed normal value of subject merchandise that the exporter purchased from an unaffiliated supplier. *SKF USA*, 630 F.3d at 1373-74 (citing *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 42 (1983)). During the antidumping investigation and the first sixteen administrative reviews, Commerce constructed the normal value of subject merchandise using the exporter's acquisition costs. *Id.* at 1368-69. During the seventeenth administrative review, the review at issue in this case, Commerce constructed normal value using the unaffiliated supplier's costs of production. *Id.* at 1369-70.

The Court of Appeals considered inadequate the Department's explanation of the change in practice, concluding that Commerce failed to confront "two significant concerns raised by SKF." *Id.* at 1374. Those concerns were, first, that under the new method an exporter "could not change its pricing to avoid dumping because it would have no knowledge of its unaffiliated supplier's actual production costs." *Id.* ("Commerce did not address SKF's concern that it could not control its pricing to avoid dumping in its Issues and Decision Memorandum or explain why this concern was unjustified or why it was outweighed by other considerations."). The second concern was that Commerce potentially would "apply an adverse inference if the unaffiliated supplier failed to provide cost data." *Id.* ("Use of adverse inferences may be unfair considering SKF has no control over its unaffiliated supplier's actions. . . . Commerce must explain why SKF's concern is unwarranted or is outweighed by other considerations."); *see* Tariff Act of 1930, § 782, 19 U.S.C. § 1677e(b) (2006) (governing use of adverse inferences). The Court of Appeals observed that Commerce decided to draw an adverse inference on analogous facts in the subsequent review and that the CIT had held that decision to be unlawful. *SKF USA*, 630 F.3d at 1374-75 & n.6.

Because the Court of Appeals grounded its reversal of the CIT in the inadequacy of the Department's explanation of the change in practice, rather than disallow the change in practice *per se*, the court orders a remand under which Commerce must reconsider its decision and address, at a minimum, the two significant concerns raised by plaintiffs.

**ORDER**

In response to the decision and mandate issued by the Court of Appeals in *SKF USA Inc. v. United States*, 630 F.3d 1365 (Fed. Cir. 2011), it is hereby

   **ORDERED** that, on remand, Commerce shall reconsider its decision in *Ball Bearings & Parts Thereof from France, Germany, Italy, Japan, Singapore, & the United Kingdom: Final Results of Antidumping Duty Admin. Reviews & Rescission of Review in Part*, 72 Fed. Reg. 58,053 (Oct. 12, 2007) to construct the normal value for entries of subject merchandise produced by a supplier unaffiliated to the exporter using the supplier's costs of production rather than the exporter's acquisition costs; it is further

   **ORDERED** that Commerce shall provide an explanation for any decision that it reaches upon reconsidering its previous decision and shall include in that explanation, at a minimum, an analysis responding to the two significant concerns raised by plaintiffs that were identified by the Court of Appeals in *SKF USA*, 630 F.3d at 1373-75; and it is further

   **ORDERED** that Commerce shall file its remand redetermination with the court within sixty (60) days from the date of this Opinion and Order, and that defendant and defendant-intervenor shall have thirty (30) days from the date on which that redetermination is filed with the court to file comments thereon.

                 /s/ Timothy C. Stanceu
                  Timothy C. Stanceu
                  Judge

Dated: October 14, 2011
    New York, New York